

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHARMAINE COOKE,                          :
                                          :
                        Plaintiff,        :        24-CV-536 (PAE) (RWL)
                                          :
        - against -                       :
                                          :        **ORDER GRANTING**
CONSOLIDATED EDISON COMPANY OF            :        **REQUEST FOR**
NEW YORK, INC.,                           :        **PRO BONO COUNSEL**
                                          :
                        Defendant.        :
------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

The Court directs that the Clerk of Court seek pro bono counsel to represent Plaintiff Charmaine Cooke in the above-captioned action. Representation is sought for the case identified above (the "536" case), as well as two consolidated cases, styled *Charmaine Cooke v. Consolidated Edison Company of New York, Inc. et al.*, 24-CV-5316 (PAE/RWL), and *Charmaine Cooke v. Orange & Rockland Utilities, Inc. et al.*, 24-CV-5315 (PAE/RWL). The consolidated cases involve claims of copyright infringement. The 536 case involves claims of disability discrimination.

## LEGAL STANDARD

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead,

may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

**DISCUSSION**

Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted.  Plaintiff therefore qualifies as indigent.

In the complaint for the consolidated cases, Plaintiff asserts a claim under the Copyright Act, 17 U.S.C. § 102(a), alleging that Defendants infringed certain ideas contained in case studies developed by Plaintiff during her master's degree program. Plaintiff filed her Second Amended Complaint on June 20, 2025.  (24-CV-5315, Dkt. 51, 24-CV-5316, 56.)  Defendants filed a motion to dismiss the Second Amended Complaint on July 21, 2025.  (24-CV-5315, Dkts. 59, 60, 24-CV-5316, Dkts. 64, 65.)  In the 536 case, Plaintiff alleges that the Defendant failed to accommodate her disability ("post traumatic stress disorder, depression, anxiety, etc.") and that Defendant terminated her employment because of her disabilities.  Defendants filed a motion to dismiss the Amended Complaint on May 7, 2025.  (24-CV-536, Dkts. 95, 96.)  Plaintiff has not yet responded to the motions. Plaintiff's responses to the motions to dismiss in all cases currently are due by September 2, 2025.

Without opining on the ultimate merits, the Court finds that Plaintiff's claims are "likely to be of substance." *Hodge*, 802 F.2d 61-62.  The Court finds that the other *Hodge* factors also weigh in favor of granting Plaintiff's application.  Counsel will facilitate the progression of this case, and  representation is likely to "lead to a quicker and more just result by sharpening the issues and shaping examination."  *Id.* at 61.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-78), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Plaintiff's case.  The Pro Bono

Fund is especially intended for attorneys for whom pro bono service is a financial hardship. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

## CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to attempt to locate pro bono counsel to represent Plaintiff for the limited purposes described above. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. If an attorney volunteers, the attorney will contact Plaintiff directly. **There is no guarantee, however, that a volunteer attorney will decide to take the case; accordingly, the cases will proceed on their current schedule and all deadlines remain in place, except as modified above.**

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court respectfully directs the Clerk of Court to terminate the motions at 24-CV-5315, Dkt. 66; 24-CV-5316, Dkt. 71; 24-CV-536, Dkt. 101.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: August 6, 2025
   New York, New York

Copies transmitted this date to all counsel of record. The Court respectfully requests the Clerk of Court to mail a copy of this Order to the pro se Plaintiff.

Charmaine DM Cooke

834 Penfield Street #4H
Bronx, New York 10470