UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARMAINE COOKE,

Plaintiff,

- against -

CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.,

Defendant.

24-CV-536 (PAE) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Plaintiff has filed a motion at Dkt. 173, entered as of August 20, 2026, concerning her filing of an objection on August 10, 2026, that she believes does not appear on the docket. Plaintiff's motion is denied as moot, in light of Dkt. 172, entered as of August 17, 2026, and identified as Objection to Order.

Plaintiff's declaration at Dkt. 175, filed on August 20, 2026, addresses concerns about amending her Second Amended Complaint. The Court already has accepted as timely filed Plaintiff's separately filed Supplement and Correction to her Second Amended Complaint at Dkts. 166-167, filed, respectively, on July 10 and July 11, 2026. (*See* Dkt. 168.) Plaintiff claims she filed the supplement and correction under "duress" to meet the filing deadline, and requests that the Court accept a further corrected/supplemental second amended complaint filed on August 18, 2026. (Dkt. 175 at 3.) That additional pleading appears to be Exhibits 7, 8, and 9 to Plaintiff's motion at Dkt. 173, which together total 121 pages with over 400 paragraphs. Plaintiff titles that document as a "Partial Corrected Second Amended Complaint." (Dkt. 173 Ex. 9 at ECF 1.) Plaintiff has signed

the document with the comment "under duress" due to "no case law" and "limited legal advice." (Dkt. 173 Ex. 7 at ECF 52.)

Plaintiff has already filed her Second Amended Complaint and filed both a Supplement and a Correction. The Court accepted those as timely filed, and Defendant is in the process of formulating their response, which is due September 18, 2026. (*See* Dkt. 171.) Plaintiff's assertions of having filed "under duress" to meet filing deadlines are not well taken. Plaintiff received generous extensions of time to file. The obligation to meet deadlines does not equate to duress. Moreover, a plaintiff does not have the right to continuously amend their pleading.

The Court would be well within its discretion to deny Plaintiff's latest bid to amend. However, the further amended Second Amended Complaint possibly may have advantages. For example, it is a single, integrated document whereas the previous documents (the Second Amended Complaint, Supplement, and Correction), taken together, are not as cohesive.

In any event, the Court has not yet heard from Defendants as to whether Plaintiff should be granted leave to file the further amended Second Amended Complaint filed on August 18, 2026. Accordingly, Defendants shall file a letter response by **September 2, 2026**.

SO ORDERED.

ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: August 26, 2026
New York, New York

Copies transmitted this date to all parties of record. The Court respectfully requests the Clerk of Court to mail a copy of this Order to the pro se Plaintiff.

Charmaine Cooke
834 Penfield Street #4H
Bronx, New York 10470